IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>TIMOTHY ALAN MOORE,<br><br>                    Defendant. | 4:22-CR-3102<br><br><br>ORDER |

The defendant has filed a motion to compel his former counsel to "surrender" his case file. Filing 115. The Court will deny the motion.

A member of the Nebraska bar is ethically required to protect a client's interests, including the surrender of papers and property to which the client is entitled. See Neb. Ct. R. of Prof. Cond. § 3-501.16(d). But the defendant's motion says nothing about whether he's already done anything to *ask* counsel for what he wants. That would be the first step.

In addition—while the Court infers that the defendant is preparing a motion to vacate pursuant to 28 U.S.C. § 2255, *see* filing 116—he isn't entitled to discovery before filing such a motion. *See United States v. Barnett*, 389 F. App'x 575, 575 (8th Cir. 2010); *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Nor is the Court persuaded that counsel's ethical obligations authorize the Court to compel him to produce documents under these circumstances. *See United States v. Besta*, No. 8:20-CR-174, 2023 WL 3226199, at *1 (D. Neb. May 3, 2023) (citing *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020)). Indeed, "courts routinely deny requests for such discovery—including requests to compel attorneys to surrender a case file—absent a showing of good cause after a *viable* habeas petition has been filed." *Id*. Accordingly,

IT IS ORDERED that the defendant's motion to compel (filing 115) is denied.

Dated this 17th day of September, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge